IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE BAKER, | ) |
| | ) |
| | ) Civil Action No. 14-490 |
| Plaintiff, | ) |
| v. | ) |
| | ) District Judge Joy Flowers Conti |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

# REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 11) filed by Defendant Commissioner of Social Security ("Commissioner") be granted.

**II.   REPORT**

**A. Factual Background**

Plaintiff Gene Baker ("Baker") was convicted of a crime in the Court of Common Pleas of Bedford County, Pennsylvania, in October, 2011. Compl. (ECF No. 4) ¶ 2; Hartt Decl. (ECF No. 12-1) Ex. A-1. Shortly thereafter, the Commissioner suspended Baker's social security benefit payments based on his incarceration. Compl. ¶ 3. Baker contends that this suspension of his benefits violates his "presumption of innocence" and "is the result of schemes by anti-constitution forces to deprive Plaintiff of his retirement monies and monies to have meaningful

access to courts and defense attorneys." Id. ¶¶ 3-4. Baker seeks an order directing the Commissioner to refund his social security benefits and continue paying the same until Baker has exhausted all of his appellate and post-conviction rights. Id. at p. 2.

The Commissioner moved to dismiss on April 8, 2015, asserting that Baker has failed to exhaust his administrative remedies and otherwise failed to state a claim. See Motion to Dismiss (ECF No. 11). Baker failed to respond to the Commissioner's motion. This matter is now ripe for review.

**B. Standard of Review**

When a party files a motion to dismiss attacking subject matter jurisdiction, the court must first determine if the motion is a factual attack or a facial attack. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In the case at bar, the Commissioner's motion is a factual challenge inasmuch as it concerns Baker's failure to factually comport with the jurisdictional prerequisites of an action seeking review of a decision by the Commissioner of Social Security. Malcolm v. Astrue, 735 F.Supp.2d 118, 120 (D. Del. 2010) (citing United States *ex rel.* Atkinson v. Pennsylvania Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)). Because this issue presents a factual challenge to this Court's jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations," Mortensen, 549 F.2d at 891, and the Court may review "affidavits, depositions, and testimony" in order to resolve any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and

draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

**C. Discussion**

Exclusive jurisdiction over a decision to deny or suspend Social Security benefits arises from 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[,] . . . may obtain a review of such decision by a civil action . . .". 42 U.S.C. § 405(g). As a general rule, judicial review is barred unless the Commissioner has issued a "final decision" following a hearing. Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998). To obtain a judicially reviewable final decision, a claimant must first complete the following four-step administrative review process: (1) the claimant receives an initial determination; (2) the claimant requests consideration of an unfavorable initial determination; (3) if the request for reconsideration is denied, the claimant requests a hearing before an Administrative Law Judge ("ALJ"); and (4) the claimant, if unsatisfied with the ALJ's determination, requests a review by the Appeals Council. 20 C.F.R. § 404.900(a); Callender v. Social Sec. Admin., 275 F. App'x 174, 175 (3d Cir. 2008). Failure to exhaust each step of this process deprives a court of subject matter jurisdiction. Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

In the instant case, the Social Security Agency notified Baker of its decision to suspend his retirement benefits due to his incarceration by letter dated November 16, 2011. Hartt. Decl., Ex. A-1. The letter advised Baker that he had 30 days to object and provided an address,

3

telephone number, and internet website through which to contact the Agency. Id. On December 28, 2011, the Agency sent a second letter informing Baker that he had been assessed an overpayment of $2,990.00. Hartt. Decl., Ex. A-2, at 1. That letter also informed Baker of his appellate rights and provided detailed information as to how to contact the agency to object to the overpayment determination. Id. at 2-3.

Baker failed to appeal either of those determinations. See Hartt. Decl., ¶ 3(b). Instead, Baker (or someone acting on his behalf) responded to the second letter by repaying the overpayment in full. See Harttl. Decl., Ex. B.

Based on the foregoing, the record clearly demonstrates that Baker has failed to satisfy the requirements of § 405(g) and 20 C.F.R. § 404.900(a) by requesting reconsideration of the Agency's decision, participating in a hearing before an ALJ, or seeking Appeals Council review. Consequently, this Court lacks jurisdiction over this action. See, e.g., Sims, 530 U.S. at 107 ("If a claimant fails to request review from the Council . . . such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.") (internal citations omitted).[1]

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Commissioner's Motion to Dismiss (ECF No. 11) be granted and that this action be dismissed with prejudice. It is further recommended that granting leave to file an amended complaint would be futile. In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen

---

[1] Even if Baker could demonstrate that he had properly exhausted his claims, Section 402(x) of the Social Security regulations clearly provides that "no monthly benefits shall be paid . . . to any individual for any month [during which] such individual . . . is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." 42 U.S.C. § 402(x); 20 C.F.R. § 404.468(a). Baker admits in his complaint that he is currently incarcerated as the result of a criminal conviction. See Compl. ¶ 2. Consequently, his claim would be alternatively subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

4

(14) days from the date of the service of this report and recommendation to file written objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 8, 2015

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge